# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

**JACQUELINE MURPHY,**

        Plaintiff,

v.

**JENNA FOLTZ,**

        Defendant.

_____

## COMPLAINT
_____

Plaintiff Jacqueline Murphy, through counsel, Gregori Csintalan of Jeffress Law, PC, submits the following Complaint:

### Jurisdiction

1. This is a civil action involving an amount in controversy exceeding $75,000, exclusive of interest and costs, between parties of diverse citizenship and for which this Court has original jurisdiction under 28 U.S.C. § 1332.

2. In this lawsuit, Plaintiff seeks damages from Defendant Jenna Foltz for colliding with Plaintiff when this defendant was snowboarding, and Plaintiff was skiing. Defendant was uphill from Plaintiff when Defendant caused the collision. Plaintiff asserts claims for negligence and multiple claims under Colo. Rev. Stat. § 33-44-104 ("The Colorado Ski Safety Act").

3. As a result of the subject collision, Plaintiff sustained several traumatic injuries, including without limitation multiple pelvic fractures, lower back pain, and chronic pubic

instability. To date, she has incurred, at minimum, $34,373.82 in medical bills as a result of the subject collision.

4. Plaintiff's damages exceed $75,000.

5. Defendant Jenna Foltz is a citizen of the State of Kansas. Winter Park Incident Report at p. 5, attached as **Exhibit A**.

6. Plaintiff Jacqueline Murphy is a citizen of the State of Colorado. *See* **Exhibit A** at p. 3.

7. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant.

8. This Court has subject-matter jurisdiction over this action.

## General Allegations

9. Plaintiff incorporates all paragraphs above by reference.

10. On December 20, 2017, Plaintiff Jacqueline Murphy was skiing at Winter Park, Colorado.

11. On December 20, 2017, Defendant Jenna Foltz was snowboarding at Winter Park, Colorado.

12. Both Ms. Murphy and Defendant Foltz were "skiers" within the meaning of the Colorado Ski Safety Act. C.R.S. § 33-44-103(8).

13. At that time and place, both Ms. Murphy and Defendant Foltz were descending *Village Way* run.

14. Ms. Murphy was skiing downhill of Defendant Foltz, in control of her speed and course, and plainly visible to uphill skiers and other users of Village Way run in Winter Park.

15. Defendant Foltz was descending *Village Way* from uphill of Ms. Murphy.

16. Defendant Foltz attempted to overtake Ms. Murphy from above and behind her.

17. Defendant, while attempting to overtake Ms. Murphy, collided into her from uphill and behind, causing her significant injuries, damages, and losses as described herein.

18. The sole proximate cause of the collision was the negligent and wrongful manner in which the Defendant was snowboarding.

## FIRST CLAIM FOR RELIEF
### Negligence *per se* – C.R.S. § 33-44-109(2)

19. Plaintiff incorporates all paragraphs above by reference.

20. The Defendant had the primary duty, as the uphill and overtaking skier, to avoid skiers below. C.R.S. § 33-44-109(2).

21. Defendant also had a duty to maintain control of her speed and course at all times when skiing and to maintain a proper lookout so as to be able to avoid other skiers and/or objects. *Id.*

22. As such, Defendant, as the uphill and overtaking skier, had the duty to avoid colliding with Plaintiff as she was skiing on *Village Way* run at Winter Park.

23. Defendant breached these duties to the Plaintiff by colliding into Ms. Murphy from above and uphill.

24. The sole cause of the collision was Defendant's breach of her statutory duties of care.

25. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

26. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se.*

## SECOND CLAIM FOR RELIEF
### Negligence *per se* – C.R.S. § 33-44-109(5)

20. Plaintiff incorporates all paragraphs above by reference.

3

15. The Defendant had a duty to refrain from acting in a manner that causes injury to other skiers. C.R.S. § 33-44-109(5).

16. The Defendant breached this duty to the Plaintiff by colliding into Ms. Murphy from above and uphill.

17. The sole cause of the collision was Defendant's breach of her statutory duty of care.

18. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

19. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se.*

### THIRD CLAIM FOR RELIEF
### Negligence *per se* – C.R.S. § 33-44-109(1)

19. Plaintiff incorporates all paragraphs above by reference.

20. The Defendant had the duty for knowing the range of her own abilities to negotiate any ski slope or trail and to ski within those abilities. C.R.S. § 33-44-109(1).

22. As such, Defendant had a duty to snowboard on only those runs that she could safely negotiate.

23. Defendant breached these duties to the Plaintiff by snowboarding on a run that she knew or should have known she could not safely negotiate.

24. The sole cause of the collision was Defendant's breach of her statutory duties of care.

25. Plaintiff was a member of the class the statute was intended to protect and suffered the type of harm the statute was intended to prevent.

26. Plaintiff suffered injuries as set forth below as a direct and proximate result of the Defendant's negligence and negligence *per se.*

### FOURTH CLAIM FOR RELIEF
### Negligence

20. Plaintiff incorporates all paragraphs above by reference.

21. The collision between the Plaintiff and Defendant was a result of Defendant's negligent conduct, including but not limited to a failure to keep a proper lookout for other skiers; not skiing within the range of her own ability to negotiate the ski slope on which she was skiing; a failure to maintain control of her speed and course at all times when skiing; a failure to avoid a collision with any skiers downhill from her; and such other acts or failures to act which may be discovered at or before trial, which acts may have violated the ordinances and laws of Grand County and the State of Colorado.

22. The conduct of Defendant Foltz was a proximate cause of the injuries, damages, and losses sustained by Plaintiff, as set forth herein.

### DAMAGES

20. As a proximate result of the negligence of the Defendant, Plaintiff sustained traumatic injuries to her body, including without limitation injuries to her neck, back, pelvis, and headaches.

21. As a proximate result of the conduct of the Defendant, Plaintiff sustained permanent injuries; noneconomic damages, including without limitation pain and suffering, mental anguish, emotional distress, frustration, inconvenience, lost time, and loss of enjoyment of life; past and future expenses for the services of health-care providers and medical supplies; lost income; a physical impairment; and had other losses, all past and future, all to her detriment as a result of the conduct of the Defendant.

22. As a direct and proximate result of her injuries, Plaintiff has been and will be prevented from engaging in certain economic, social, and recreational activities normal to her lifestyle prior to this collision.

24. Plaintiff's date of birth is May 31, 1948. She was 69 years old at the time of the collision. She had a minimum life expectancy, pursuant to the U.S. Life Tables, of an additional 17.3 years, and is entitled to compensation for her injuries, damages, and losses for the remainder of her life.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against the Defendant in an amount to fairly and reasonably compensate her for her injuries as set forth above; for court costs; for expert witness fees; for statutory interest from the date this cause of action accrued or as otherwise permitted under law; and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 31st day of October 2019.

**JEFFRESS LAW, PC**

By: *Signature of Gregori Csintalan is on file at the offices of Jeffress Law, PC*

*s/ Gregori Csintalan*
Gregori Csintalan
Jeffress Law
1790 38th Street, Suite 300
Boulder, CO 80301
Telephone: (303) 993-8685
Fax: (303) 416-4213
Email:  greg@jeffresslaw.com
Attorney for Plaintiff Jacqueline Murphy

Plaintiff's Address
490 Etica Avenue
Boulder, CO 80304